AO 91 (Rev. 11/11) Criminal Complaint

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*May 06, 2024*

Nathan Ochsner, Clerk of Court

United States of America
v.
AYOBAMI OMONIYI

Defendant(s)

Case No. **4:24-mj-199**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **Jan 19, 2021 - Feb 19, 2021** in the county of **HARRIS** in the **SOUTHERN** District of **TEXAS**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |
| 18 U.S.C. § 371 | Conspiracy to Commit Wire Fraud |
| 18 U.S.C. § 1956 | Money Laundering |

This criminal complaint is based on these facts:
See attached affidavit of Devin Farrell, Houston Police Department, Detective

☑ Continued on the attached sheet.

*Complainant's signature*

DEVIN FARRELL, HPD Detective
*Printed name and title*

Sworn to before me and signed by telephone

Date: 05/06/2024

*Judge's signature*

City and state: Houston, Texas

Honorable US Magistrate Judge Christina A. Bryan
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Devin P. Farrell, being duly sworn, hereby depose and state the following:

### A. Identity and Experience of Affiant

1. I am a Detective with the Houston Police Department in Houston, Texas and have been a Texas certified Peace Officer with the Houston Police Department for 22 years. I hold a Masters Peace Officer's license through the Texas Commission on Law Enforcement Standards and Education (TCLEOSE). I have been assigned to the Federal Bureau of Investigation (FBI) as a Task Force Officer (TFO) on the Houston Field Office Cyber Task Force (CTF) for over 7 years.

2. As a TFO assigned to the FBI CTF, I investigate violations of federal and state criminal laws, including computer crimes and fraud. I have received training in computer crimes and fraud and have personally investigated or assisted in investigating criminal matters involving fraud and money laundering. I have experience and am familiar with the federal statutes found at 18 U.S.C. 1343 (wire fraud), 18 U.S.C. 371 (conspiracy), and 18 U.S.C. 1956 (money laundering). I have experience drafting and executing arrest warrants.

### B. Purpose of the Affidavit

3. This affidavit is made in support of a complaint and arrest warrant for **AYOBAMI OMONIYI ("OMONIYI")**. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and documents. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### C. Background and Evidence of Fraud

4. The FBI in Canberra, Australia notified me about a complaint from an individual named Nick Roberts representing his company, Australian Fishing Enterprises PTY Ltd ("Australian Fishing"). Roberts reported that Australian Fishing's email had been compromised by a computer hacker who gained access to the email traffic between Australian Fishing's computer server and one of Australian Fishing's vendors—a U.S. based bait supplier called Seven Seas Food ("Seven Seas"). Roberts reported that the hacker obtained Australian Fishing's email password and used it to place monitoring rules to divert all of Australian Fishing's incoming and

1

outgoing emails to the hacker's email. Unbeknownst to Australian Fishing, on January 19, 2021, the hacker intercepted an incoming email from Seven Seas and then added two lines to the original email advising Australian Fishing that Seven Seas had a new bank account, and that Australian Fishing should send all payments to the new account-- PNC Bank account ending in #4679 (PNC #4679). Based on the fraudulent email instructions, Australian Fishing made a payment to the "new" fraudulent bank account on January 21, 2021, in the amount of $202,273.80.

5.  Seven Seas Food later contacted Australian Fishing to discuss the outstanding payment. It was then discovered that Australian Fishing had made a payment of $202,273.80 to PNC #4679 but that Seven Seas had never owned a PNC Bank account.

6.  I subpoenaed and reviewed records for PNC #4679. The records indicate that account #4679 was opened and registered to "Expensive Autos," and the sole owner listed on the bank records is Saadiq Holmes ("Holmes"). Before the deposit of Australian Fishing's funds, the balance for PNC #4679 was $1.63. The bank records show that virtually all of Australian Fishing's funds were moved from PNC #4679 in less than a week via checks, debit card purchases, electronic transfers, and an ATM withdrawal.

7.  Holmes was arrested and charged in the 337th District Court of Harris County with Money Laundering Australian Fishing's funds. Holmes provided a statement to the court that he was directed to receive the funds by someone named Victor Oputa and provided a photo. Holmes said Oputa gave him $100 to open PNC #4679 and that he gave Oputa the debit card and account information for the account. Holmes also stated that Oputa told him to sign several blank checks after opening the account.

8.  I reviewed **OMONIYI'S** criminal history and found Houston Police Department case# 165449-21 where **OMONIYI** and other several known individuals were involved in a disturbance at the Galleria Mall. **OMONIYI** was arrested for an open felony warrant along with another individual (not Oputa) who was in possession of Holmes's debit card from PNC #4679.

9.  In the bank records for PNC #4679, I found a handwritten check from Holmes to Miriam Igbokwe for $85,000 dated January 21, 2021, the same day that Australian Fishing's $202,273.80 was deposited into PNC #4679. I subpoenaed the Bank of America account of Igbokwe (BOA

2

#1508) and observed the $85,000 check from Holmes deposited into Igbokwe's BOA #1508 on January 21, 2021.   I found that Igbokwe's BOA #1508 was closed a week later, and she received a cashier's check from Bank of America for $79,782.33, which was the remaining balance of her account.  Before the deposit of Australian Fishing's $85,000 into BOA #1508, the beginning balance for the statement period on this account was $434.36.

10.     Miriam Igbokwe was arrested and charged in the 337th District Court of Harris County, Texas with Money Laundering Australian Fishing's funds. Igbokwe was interviewed about this incident and provided a photo of Victor Oputa. Igbokwe said that Oputa asked her to let him use her bank account to receive a check from his employer. Igbokwe stated she gave Oputa access to her bank account after Australian Fishing's funds were deposited. I observed a Zelle transfer of $3,000 on January 25, 2021, from Igbokwe's BOA #1508 to Oputa's girlfriend's Wells Fargo account (WF #6897).  I reviewed bank records and found that **OMONIYI** received $500 from Oputa's girlfriend's WF #6897 the same day the girlfriend received the $3,000 of Australian Fishing's funds into her WF #6897 from Igbokwe's BOA #1508.

11.     Igbokwe stated that shortly after she gave Oputa access to her Bank of America account, Bank of America closed the account, and she received a $79,000 check from the bank for the balance of the account. Igbokwe stated that around February 19, 2021, Oputa and another unknown male, later identified by Oputa as **OMONIYI** (see next paragraph), drove her to a check cashing business located in Houston, TX where she cashed the $79,000 check.

12.     Oputa was arrested and charged in the 337th District Court of Harris County, Texas with Engaging in Organized Criminal Activity. Oputa was interviewed and shown the Harris County mugshot photo of **OMONIYI** and identified him as the person he knew as Ayobami Sosa.  Oputa stated he was recruited into the scheme after he was approached by **OMONIYI** about making some money. **OMONIYI** said he needed bank accounts to receive money for him and promised Oputa 8-10% of any payments that Oputa received into his bank accounts for **OMONIYI**, and 3%-5% for any other bank accounts Oputa brought to him.  Oputa says he asked Igbokwe to move money for him once and remembered the money he was asked to move was about $80,000. Oputa said that he and **OMONIYI** drove to San Antonio to pick up Igbokwe after Igbokwe's bank account got closed down and she received a cashier's check for the remaining funds. Oputa

3

stated he and **OMONIYI** drove Igbokwe to a cash checking place in Houston to cash the check and that **OMONIYI** went back later and collected the money from the check cashing place.

13. I believe that **OMONIYI**, along with co-conspirators Victor Oputa, Saadiq Holmes, and Miriam Igbokwe, knowingly received fraudulently obtained funds wired from victim Australian Fishing Enterprises Ltd., a company that was defrauded into sending a wire transfer in the amount of $202,273.80, and knowing that the property involved was the proceeds of some form of unlawful activity, conducted financial transactions involving the proceeds of wire fraud knowing that the transactions were designed in whole or in part to conceal the nature, location, source, ownership, or control of the proceeds of wire fraud.

### D. Conclusion

14. Based upon the above information, I believe that probable cause exists for the issuance of a Criminal Complaint charging **AYOBAMI OMONIYI** with violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 371 (Conspiracy to Commit Wire Fraud), and 18 U.S.C. § 1956 (Money Laundering).

Devin P. Farrell
Houston Police Department Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to telephonically this 6th day of May 2024, and I find probable cause.

Honorable Christina A. Bryan
United States Magistrate Judge

4